Date signed November 07, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| QUANTOM TECHNOLOGIES, INC. | : | Case No. 04-31236PM |
|   t/a COMPUTER, ETC. | : | Chapter 7 |
|            Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| NADER REZAIE | : | |
|            Plaintiff | : | |
|   vs. | : | Adversary No. 04-2086PM |
| | : | (Case No. 254493, Circuit Court |
| QUANTOM TECHNOLOGIES, INC. | : | for Montgomery County, MD) |
|   t/a COMPUTER, ETC. | : | |
| MAHNAZ ZARPAK | : | |
| JEFFREY HARTING | : | |
|            Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| QUANTOM TECHNOLOGIES, INC. | : | |
|   t/a COMPUTER, ETC., et al. | : | |
|            Plaintiffs | : | |
|   vs. | : | Adversary No. 04-2087PM |
| | : | (Case No. 21261-2004, District Court for |
| | : |  Montgomery County, MD) |
| NADER REZAIE | : | |
|            Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

These two adversary proceedings were filed originally in the Circuit Court for Montgomery County, Maryland, and in the District Court for Montgomery County, Maryland, respectively, on October 1, 2004. Notices of Removal were filed for both cases, and the matters

proceeded in this court, coming before the court for a final Pre-Trial Conference on October 20, 2005.  Motions for Summary Judgment filed by Defendant Mahnaz Zarpak in both cases were scheduled to be heard as well.   While there appears to be considerable merit to the Motions for Summary Judgment, the court will not rule upon them for the reasons stated further in this Opinion.  A related adversary proceeding filed by the Debtor, while a Debtor-in-Possession, AP-04-2332, has been dismissed on motion of the Chapter 7 trustee, substituted as Plaintiff, following the conversion of the case from a case under Chapter 11 to a case under Chapter 7.

The removed Circuit Court case, AP-04-2086, was filed in four Counts.  Count I seeks a declaratory judgment regarding ownership of the equipment and personal property located on the Debtor's former business premises at 7937 Tuckerman Lane, Potomac, Maryland.  These premises have been vacated, and the Trustee is in possession of none of the personal property and lays no claim against it.  The parties against whom a ruling is sought are the Debtor, Mahnaz Zarpak, and Jeffrey Harting.  Count II seeks damages from the same three defendants for breach of agreement for transfer of corporate stock, but inasmuch as that Count alleges no action on the part of the Debtor, the court sees no point to continuing the action against this defunct corporation for delivery of its corporate stock.  Count III seeks an accounting against Mahnaz Zarpak and Jeffrey Harting.  Count IV seeks injunctive relief against Mahnaz Zarpak and Jeffrey Harting.

The removed District Court case, AP-04-2087, seeks an order of court for delivery of the property to the Plaintiff, a judgment for recovery of possession of the property, $500,000.00 in compensatory damages, and $100,000.00 in punitive damages.  As stated on the record in open court, Defendant Zarpak is holding such property as remained on the business premises prior to the termination of the lease, but neither Zarpak nor the Trustee make any claim thereto.

Without passing on the merits of the dispute among the individuals, the court cannot find that any jurisdiction existed at any time in the past or now that would enable this court to try the dispute among these individuals for breach of contract, for declaratory judgment or for any of the stated claims.  Federal courts are courts of limited jurisdiction, and bankruptcy courts are courts of very limited jurisdiction empowered to act only in those specific instances authorized by Congress.  The federal court must satisfy itself that it has jurisdictional power to rule on the merits of the case.  *Johnson v. Town of Elizabethtown*, 800 F.2d 404, 407 n.2 (CA4 1986).  *See also Goldsmith v. Mayor and City Council of Baltimore*, 845 F.2d 61, 63-64 (CA4 1988); *In re*

*Singleton*, 230 B.R. 533, 536 (CA6 BAP 1999) (federal courts have a continuing obligation to inquire into basis of subject matter jurisdiction irrespective of the parties' failure to raise jurisdiction challenges, and dismissal is mandatory if jurisdiction is lacking); *In re Federal-Mogul Global, Inc.*, 282 B.R. 301, 316-17 (BC Del. 2002).

Under the bankruptcy jurisdictional framework, pursuant to 28 U.S.C. § 1334(a), the district courts have original and exclusive jurisdiction of all cases under Title 11. Section 1334(b) confers upon the district courts original but not exclusive jurisdiction of all cases arising in or related to cases under Title 11. The former matters are what is known as core matters, and the latter are referred to as non-core matters. Core and non-core matters are referred to bankruptcy courts pursuant to 28 U.S.C. § 157(a).

These adversary proceedings present none of the core matters found in 28 U.S.C. § 157(b)(2). *See Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 190 (CA5 1990) (finding that RICO claims against officers, directors and shareholders of debtor are not core matters because they "[did] not invoke a substantive right provided by title 11, nor [did] they arise only in the context of bankruptcy proceedings"). Nevertheless, this court would have jurisdiction of the adversary proceedings at issue if they were found to be related to Debtor's bankruptcy case. In *A.H. Robins Co. v Piccinin*, 788 F.2d 994, 1002 n.11 (CA4 1996), the Fourth Circuit joined other circuits in adopting the test set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (CA3 1984). Under the *Pacor* test, in order for bankruptcy jurisdiction to exist, the outcome of the proceeding must conceivably have an effect on the estate being administered in bankruptcy. *Id.* at 994. *See, e.g.*, *In re Marcus Hook Dev. Park*, 943 F.2d 261 (CA3 1991) (holding that bankruptcy court should have exercised jurisdiction over an adversary proceeding brought by purchaser of debtor's assets to resolve ambiguity as to whether the sale was free and clear of encumbrances because that proceeding was related to the bankruptcy case).

Even if all parties consent to the exercise of this court's jurisdiction in these cases, the court finds nothing left in these cases for this court to decide that could in any way affect any distribution by the Chapter 7 Trustee of this estate. These cases fail the *Pacor* test. Other than certain exceptions that have no application here, a corporation has no interest in the identity of its shareholders. The outcome of the dispute among Nader Rezaie, Mahnaz Zarpak, and Jeffrey Harting could have no conceivable effect on the administration of this bankruptcy estate, thereby leaving this court without jurisdiction to try these cases.

Appropriate orders will be entered.

cc:
Michael S. Rothman, Esq., 401 East Jefferson Street, Suite 201, Rockville, MD 20850
John P. Markovs, Esq., 1901 Research Blvd, Suit 500, Rockville, MD 20850
Linda Dorney/Richard Rosenblatt, Esq. 30 Courthouse Sq., #301, Rockville, MD 20850
Jeffrey Harting, 2637 Rolling Ford Circle, #106, Herndon, VA 20171
Gregory P. Johnson, Esq., 7237 Hanover Parkway, Suite C, Greenbelt, MD 20770
Molly Q. Ruhl, Clerk, Circuit Court for Montgomery County, Maryland
    50 Maryland Avenue, Rockville, MD 20850
Bonnie Bell, Civil Clerk, District Court for Montgomery County, Maryland
    27 Courthouse Square, Rockville, MD 20850

**End of Memorandum**